FILED

**NOT FOR PUBLICATION**

DEC 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50467 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00327-ODW-1 |
| v. | |
| RICHARD A. BAILEY, aka Richard Allen Bailey, AKA Rick Bailey, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted December 10, 2014
Pasadena, California

Before: GRABER, GOULD, and CALLAHAN, Circuit Judges.

Richard Bailey ("Bailey") appeals from his convictions for causing the sale

of unregistered securities in violation of 15 U.S.C. §§ 77e and 77x and 18 U.S.C.

§ 2. He contends that the district court abused its discretion in admitting evidence

of securities distributions other than the two that led to the specific unlawful sales

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

in the case and that the jury instructions did not accurately define the word "willfully."[1]  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

Bailey only takes issue with the court's admission of Exhibit 39, which listed earlier transactions.  However, it appears that Bailey did not actually object to the admission of the exhibit.  It was not clearly the subject of the government's motion *in limine* and the trial transcript indicates that Bailey had no objection to admitting the exhibit.  But even if Bailey did object, the evidence of other transactions between Bailey and Owens was "inextricably intertwined" with the charged transactions and provided critical context about Bailey's relationship with Owens, such that Federal Rule of Evidence 404(b) does not apply.  *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011) (internal quotation marks omitted).  Also, Exhibit 39 was explicitly referenced in deposition testimony admitted by stipulation.  The district court did not abuse its discretion in admitting Exhibit 39.  *See id.*, 660 F.3d at 1132.

We review *de novo* whether jury instructions omit or misstate elements of a statutory crime.  *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010).

---

[1]    The parties are familiar with the facts of this case, and we do not recite them here except as necessary to explain the decision.

We have explained that knowledge of illegality is not required for conduct to be willful within the meaning of 15 U.S.C. § 77x. *United States v. English*, 92 F.3d 909, 914–16 (9th Cir. 1996). The district court did not err in instructing on willfulness in this case. Bailey has cited and we have found no subsequent rulings from the Supreme Court or an en banc panel of our court that are clearly irreconcilable with *English* such that we can overrule that case. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). *English* controls and is fatal to Bailey's challenge to the jury instructions.

As for Bailey's requested good faith instruction, no good faith instruction is required where the district court instructs adequately on intent. *See United States v. Shipsey*, 363 F.3d 962, 967–68 (9th Cir. 2004). The district court did not abuse its discretion.

**AFFIRMED.**